IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT JACKSON
February 6, 2007 Session

## MARCUS NIXON v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Lauderdale County**
**No. 359051     Joseph H. Walker, III, Judge**

---

**No. W2006-00618-CCA-R3-PC  - Filed April 20, 2007**

---

The petitioner, Marcus Nixon, was convicted by a Lauderdale County jury of rape of a child. His conviction was affirmed on appeal. State v. Marcus Vashawn Nixon, No. W2003-01909-CCA-R3-CD, 2004 WL 2058927, at *1 (Tenn. Crim. App. Sept. 15, 2004). The petitioner subsequently filed a petition for DNA analysis pursuant to Tennessee Code Annotated section 40-30-304, that was denied by the trial court; the denial was affirmed by this court. Marcus Nixon v. State, No. W2005-02158-CCA-R3-WM, 2006 WL 851764 (Tenn. Crim. App. Apr. 3, 2006). On September 15, 2005, he filed a pro se petition for post-conviction relief alleging ineffective assistance of counsel and due process violations. After the appointment of counsel, appropriate amendment to the petition, and a full evidentiary hearing, the trial court denied relief. Following our review, we affirm.

**Tenn. R. App. P. 3, Appeal as of Right; Judgment of the Circuit Court is Affirmed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J., and JOHN EVERETT WILLIAMS, J., joined.

Ryan B. Feeney, Selmer, Tennessee (on appeal); D. Michael Dunavant, Ripley, Tennessee (at evidentiary hearing), for the Appellant, Marcus Nixon.[1]

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Tracy Brewer-Walker and James Walter Freeland, Jr., Assistant District Attorneys General, for the Appellee, State of Tennessee.

## OPINION

---

[1] Michael Dunavant was appointed by the trial court and initially represented the petitioner on appeal. However, subsequent to the completion of trial court proceedings but prior to the appellate briefing of this case, Mr. Dunavant was elected as District Attorney General of the Twenty-Fifth Judicial District, which includes Lauderdale County, and sought permission to withdraw as counsel with this court. We granted his motion to withdraw and appointed Ryan B. Feeney as counsel for appeal. Marcus Nixon v. State, Order dated Aug. 21, 2006. For this reason, Mr. Dunavant's name does not appear as District Attorney General for this case.

On appeal, this court summarized the relevant facts of the case as follows:

> In the early morning hours of July 7, 2002, the Appellant entered the home of Brenda Allen in Ripley, after Allen had fallen asleep in her car listening to the radio. After entering, the Appellant approached the nine-year-old victim, L.T., who was asleep on the couch. The victim testified that she woke up and saw the Appellant standing over her, he removed her shorts, and then placed his "private part" in her "private part." Allen awoke after hearing the victim's screams and came into the house. She testified that she immediately recognized the Appellant and called out to him, but he ran out the back door. Allen called the police to report the rape, and officers responding to the scene spotted the Appellant in the surrounding area, wearing clothes matching the description furnished by Allen. The Appellant was subsequently arrested at the home of his sister. He later gave a statement to police admitting that he had had intercourse with a girl in Allen's home, but he stated that the girl had initiated the sexual encounter and told him that she was fifteen years old.

Nixon, slip op. at *1 (footnote omitted).

The petitioner next sought DNA analysis pursuant to Tennessee Code Annotated section 40-30-304 of the Post-Conviction DNA Analysis Act of 2001 which allows a court to order DNA analysis after a finding of "[a] reasonable probability . . . that the petitioner would not have been prosecuted or convicted if exculpatory results had been obtained through DNA analysis." Tenn. Code Ann.§ 40-30-304(1). The state responded to the petitioner's request and argued that the request should be denied because the petitioner was convicted based upon the testimony of the victim, a witness and the petitioner's admission to authorities that he had had sex with someone in the home, and the only exhibits that indicated the presence of semen were the petitioner's own pants and a couch cushion. Therefore, the state argued that DNA analysis could not yield any exculpatory evidence. The trial court agreed with the state and denied the petitioner's request for DNA analysis because the semen on his pants and couch cushion would not provide exculpatory results. This court affirmed the denial. Marcus Nixon v. State, No. W2005-02158-CCA-R3-WM, 2006 WL 851764, at *1 (Tenn. Crim. App. Apr. 3, 2006).

The petitioner then filed this petition for post-conviction relief alleging that he was denied his right to the effective assistance of counsel because his attorney failed to adequately investigate all possible defenses, failed to obtain expert assistance and analysis of DNA evidence, failed to adequately advise the petitioner regarding testifying at trial, failed to adequately investigate and object to the photographic line-up evidence presented at trial, failed to adequately cross-examine witnesses, failed to request a jury instruction for statutory rape, and failed to conduct a preliminary hearing that would have afforded him the opportunity to confront the victim who was not the individual with whom he had admitted having sex. At the evidentiary hearing, the court heard the testimony of trial counsel and the petitioner.

Trial counsel testified that she had fourteen years experience as a Public Defender. She recalled that she represented the petitioner from the General Sessions Court level throughout the trial of the case. Regarding the specific allegations of the petition, she testified that she did waive preliminary hearing in the case but interviewed both the nine-year-old victim and Allen as part of her investigation at the sessions court level. She stated that, as a matter of strategy, she prefers to keep child sexual offense victims off the witness stand in a preliminary hearing so that they are not "locked into that testimony" for later use by the state at trial. She stated that her investigator interviewed the same witnesses again after indictment in preparation for trial.

She recalled that the petitioner had given a statement to the authorities that he had sex with a girl in the house but that he thought she was fifteen years old. Trial counsel discussed the statement with the petitioner and he confirmed it as his version of the events; therefore, trial counsel did not seek to suppress the statement. She further testified that at no time leading up to the trial did the petitioner indicate that the victim was not the girl with whom he had sex, but instead indicated that the petitioner consistently claimed the sex was consensual and with someone who claimed to be fifteen years old, even after the trial was over. She denied that the petitioner ever told her on the day of trial that the victim was not the girl with whom he had sex.

Regarding the lacking DNA analysis, trial counsel testified that because the petitioner had admitted to having sex and had also admitted to having sex on the couch, there was no reason to obtain any expert assistance or independent analysis of the evidence. She also testified that she did not request testing because she was unsure whether the results would inculpate or exculpate the petitioner further in light of his admission to authorities. She further stated that she felt that the state's lack of testing worked to the petitioner's advantage.

Regarding the photographic lineup, trial counsel testified that she first became aware of the photographic lineup on the day of trial when it was presented through the victim's testimony. She recalled that she objected to the evidence pursuant to Rule 16 of the Tennessee Rules of Criminal Procedure, and that the court held a hearing out of the presence of the jury regarding exclusion of the evidence, but allowed the evidence to be admitted. She also testified that the only issue raised on direct appeal of the case related to this discovery violation and that the Court of Criminal Appeals affirmed the conviction.

Trial counsel stated that she was not aware of any criminal convictions or history that could have been used to impeach Allen's testimony, and that at the time of the evidentiary hearing, she still was not aware of any impeachment evidence. However, she recalled that Allen testified at the sentencing hearing that the offense almost drove her back to using drugs.

Trial counsel described the petitioner as "not very forthcoming" regarding the facts of the offense and testified that he "certainly didn't give me any witnesses to go interview" regarding any possible defenses. She recalled that the petitioner was incarcerated pending trial in the jail located in the same building as her office, but that the petitioner never attempted to contact her regarding any concerns he had about the case.

On cross-examination, trial counsel stated that the petitioner's defense was that he engaged in consensual sex with someone whom he thought to be older. She agreed that if the facts as stated by the petitioner were shown to be true, he would have been guilty of statutory rape. However, she did not request a jury instruction regarding statutory rape because the victim was proven to be nine years old and she did not believe statutory rape to be a lesser included offense of rape of a child.

The petitioner testified that he only talked to trial counsel on two occasions prior to trial, despite attempts to contact her through jail personnel. He stated that he believed he had sex with a girl named Brandy who claimed to be fifteen or sixteen years old and that the sex was consensual. He claimed that he was surprised when the indictment listed the victim as a nine-year-old. When asked what his main complaint about counsel's representation was the petitioner answered, "[b]asically that she didn't . . . come and visit me like she [was] supposed to so I can get, you know, the facts of the case and who the victim was and do an investigation on Brenda [Allen]." The petitioner also testified that, upon seeing the victim for the first time at trial, he immediately attempted to tell his attorney that "that wasn't the person that I was with," but that trial counsel indicated for him to be quiet so they could listen to the victim's testimony. He made no further attempts, even at the noon recess, to tell his attorney of the mistake because he felt that "[i]t was too late." Regarding DNA testing, the petitioner testified that he felt that DNA testing should have been done to show that he did not rape the victim, despite the fact that he admitted to having sex with another girl on the same couch that night. In closing, the petitioner admitted that, other than during the victim's testimony, he never again attempted to tell his trial attorney that the victim was not the girl with whom he had admitted having sex.

## ANALYSIS

The burden in a post-conviction proceeding is on the petitioner to prove his grounds for relief by clear and convincing evidence. Tenn. Code Ann. §40-30-110(f). On appeal, we are bound by the trial court's findings of fact unless we conclude that the evidence in the record preponderates against those findings. Fields v. State, 40 S.W.3d 450, 456 (Tenn. 2001). Because they relate to mixed questions of law and fact, we review the trial court's conclusions as to whether counsel's performance was deficient and whether that deficiency was prejudicial under a de novo standard with no presumption of correctness. Id. at 457.

Under the Sixth Amendment to the United States Constitution, when a claim of ineffective assistance of counsel is made, the burden is on the petitioner to show (1) that counsel's performance was deficient and (2) that the deficiency was prejudicial. Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); see Lockart v. Fretwell, 506 U.S. 364, 368-372, 113 S. Ct. 838, 842-44 (1993). In other words, a showing that counsel's performance falls below a reasonable standard is not enough; rather, the petitioner must also show that but for the substandard performance, "the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. 2068. The Strickland standard has been applied to the right to counsel under Article I, Section 9 of the Tennessee Constitution. State v. Melson, 772 S.W.2d 417, 419 n.2 (Tenn. 1989).

A petitioner will only prevail on a claim of ineffective assistance of counsel after satisfying both prongs of the Strickland test. See Henley v. State, 960 S.W.2d 572, 580 (Tenn. 1997). The performance prong requires a petitioner raising a claim of ineffectiveness to show that the counsel's representation fell below an objective standard of reasonableness or "outside the wide range of professionally competent assistance." Strickland, 466 U.S. at 690, 104 S. Ct. at 2066. In Baxter v. Rose, 523 S.W.2d 930, 936 (Tenn. 1975), our supreme court decided that attorneys should be held to the general standard of whether the services rendered were within the range of competence demanded of attorneys in criminal cases. The prejudice prong requires a petitioner to demonstrate that "there is a reasonable probability that, but for counsel's professional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694, 104 S. Ct. at 2068. "A reasonable probability means a probability sufficient to undermine confidence in the outcome." Id. Failure to satisfy either prong results in the denial of relief. Id. at 697, 104 S. Ct. at 2069.

The petitioner contends that trial counsel was ineffective for failing to conduct a preliminary hearing in his case. Trial counsel testified that she made a strategic decision to waive the preliminary hearing after she interviewed the victim and Allen. She stated that she generally avoided child sex abuse victims testifying at preliminary hearings so that the state would not have a prior sworn statement to use at trial should a victim's memory weaken. The petitioner argued at the post-conviction hearing that if trial counsel had conducted a preliminary hearing, he would have been able to inform counsel immediately and prior to trial that the victim was not the person with whom he had sex. The petitioner testified that he attempted to tell trial counsel that the state's victim was not whom he thought she was only once during the trial and that he did not attempt to tell her during a recess or at any other time after the trial. Trial counsel testified that she did not recall the petitioner ever telling her about the victim and that she would have definitely noted that information in her file had he done so. Furthermore, the petitioner was indicted for rape of a child of nine years of age and was fully aware that the state's case did not involve a fifteen-year-old girl, yet he never told trial counsel the name of the older girl with whom he claimed to have had sex. The victim testified at trial that the petitioner was her assailant. Allen also testified that she awoke to the victim's screams to find the petitioner fleeing from her living room. Even assuming that the waiver of preliminary hearing constituted deficient performance, the trial court found that petitioner had failed to show any prejudice resulting from this error. The record supports the trial court's finding and we conclude that he is not entitled to relief.

The petitioner contends that trial counsel was ineffective in failing to move to suppress his statement. Trial counsel testified that the petitioner voluntarily waived his Miranda rights and gave police his statement admitting to having sex with someone in Allen's house on the night of the offense. She stated that she saw no basis for seeking suppression of the statement. The petitioner testified at the post-conviction hearing that he admitted to the police that he had a consensual sexual act with someone whom he believed to be fifteen years old. At the post-conviction hearing, the petitioner presented no basis upon which a motion to suppress would have been granted. Therefore, we conclude that the trial court properly found that the petitioner failed to prove this allegation by clear and convincing proof and is not entitled to relief.

-5-

The petitioner contends that trial counsel was ineffective in her investigation of a possible alibi defense. Trial counsel testified that she found no reason to investigate any alibi defense in light of the petitioner's admission regarding sex with someone in the house and the witness accounts from both Allen and the victim. She also stated that the petitioner never gave her any information indicating that an alibi defense might be appropriate. The petitioner did not present any alibi evidence at the post-conviction hearing. We conclude that the trial court properly found that the petitioner failed to prove this allegation by clear and convincing proof and is not entitled to relief.

The petitioner contends that trial counsel was ineffective for not seeking the appointment of a DNA expert to perform an analysis of the evidence left on the couch cushion at the crime scene. Trial counsel testified that she saw no reason to seek DNA testing of the cushion in light of the petitioner's admission that he had sex with someone on the couch on the night in question. She also recalled that she was uncertain whether the testing would yield inculpatory results that she would have to disclose to the state through discovery. At the evidentiary hearing, the petitioner seemed to assert that testing should have been performed on the victim, as well as the couch cushion. However, the record does not show that any DNA evidence was taken from the victim, and the petitioner conceded at the evidentiary hearing that his DNA could be found on the couch cushion.

We initially note that trial counsel was mistaken in her belief that any adverse test results would be subject to discovery by the state. Tenn. R. Crim. P.16(b)(1)(B) (requiring reciprocal discovery of examinations and testing only if the evidence will be used in defendant's case-in-chief). The trial court found that trial counsel was not ineffective for failing to seek DNA testing because the petitioner failed to show how any testing would have helped his case. Furthermore, this court previously held that the petitioner's request for DNA analysis subsequent to trial was properly denied because the petitioner had failed to show a reasonably probability that testing would have produced exculpatory results that would have prevented a conviction. For all these reasons, we conclude that the trial court correctly found that the petitioner failed to prove this allegation by clear and convincing proof.

The petitioner contends that trial counsel was ineffective for failing to investigate and cross-examine Allen regarding her criminal history or history of drug abuse. Trial counsel testified that she was unaware of any criminal history or drug use by Allen. The trial court found that counsel was not ineffective regarding her cross-examination of the witness, noting that any drug use would have had "little probative value with regard to credibility." Furthermore, this court notes that the petitioner failed to present any evidence of drug use by Allen, other than the witness' comment at the sentencing hearing that the rape incident "was enough to make her go back to drugs." There is no proof as to the nature or time-frame of any drug use by the witness and absolutely no allegation that the witness was under the influence of drugs when the offense occurred, affecting her credibility as a witness. For all these reasons, we conclude that the trial court correctly found that the petitioner failed to prove this allegation by clear and convincing proof.

The petitioner contends that trial counsel was ineffective for failing to move for a continuance when the state introduced, on the day of trial, a photographic lineup used by the victim to identify the defendant. Trial counsel testified that she objected to the admission of the photographic lineup and that the trial court held a jury-out hearing but ruled the evidence admissible. This alleged discovery violation was the sole issue on direct appeal and was found to be harmless by this court. This court concludes that the petitioner has failed to establish any prejudice regarding this allegation; therefore, the petitioner is not entitled to post-conviction relief.

As his final allegation on appeal, the petitioner argues that the trial court erroneously applied the Strickland standard for post-conviction analysis and should have analyzed his post-conviction allegations under the standards enunciated in United States v. Cronic, 466 U.S. 648, 104 S. Ct. 2039 (1984), which addresses claims of per se ineffectiveness and raises a presumption of prejudice that absolves the petitioner from the need to prove the Strickland elements of ineffective assistance of counsel. In Cronic, the United States Supreme Court identified three scenarios involving the right to counsel where the situation was "so likely to prejudice the accused that the cost of litigating their effect in a particular case is unjustified." Cronic, 466 U.S. at 658-660, 104 S. Ct. 2046-2048. In those particular instances, there is an irrebuttable presumption of prejudice, and the defendant need not meet the Strickland analysis to prove ineffective assistance of counsel. Cronic, 466 U.S. at 662, 104 S. Ct. at 2048. Those situations include: (1) "the complete denial of counsel," where the accused is denied the presence of counsel at "a critical stage;" (2) where "counsel entirely fails to subject the prosecution's case to meaningful adversarial testing;" and (3) situations "where counsel is available to assist the accused during trial, [but] the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial." Cronic, 466 U.S. at 659-660, 104 S. Ct. at 2047.

The petitioner argues that trial counsel's performance constitutes prejudice per se under the second prong of Cronic and that all the alleged deficiencies of counsel's performance are equivalent to a complete denial of his Sixth Amendment right to counsel. Initially, we note that the defendant never argued in the trial court that the Cronic standard applied to the facts of his case. However, we will address the applicability of the Cronic standard to his allegations of ineffective assistance of counsel. In Bell v. Cone, 535 U.S. 685, 122 S. Ct. 1843 (2002), the Supreme Court addressed the issue of when to apply the rule of Strickland or when to apply the rule of Cronic when analyzing claims of ineffective assistance of counsel. In holding that the petitioner's claim was subject to a Strickland analysis, the Court explained:

> When we spoke in Cronic of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete. We said "if counsel *entirely* fails to subject the prosecution's case to meaningful adversarial testing." Cronic, supra, at 659, 466 U.S. 648, 104 S. Ct. 2039, 80 L. Ed.2d 657 (emphasis added). Here, respondent's argument is not that his counsel failed to oppose the prosecution throughout the sentencing proceeding as a whole, but that his counsel failed to do so at specific points. For purposes of

distinguishing between the rule of <u>Strickland</u> and that of <u>Cronic</u>, this difference is not of degree but of kind.

<u>Bell</u>, 535 U.S. at 697, 122 S. Ct. at 1851.

In accordance with the Court's analysis in <u>Bell</u>, we conclude that the errors alleged by Petitioner are subject to the rule of <u>Strickland</u>. The petitioner alleges several separate and specific instances of ineffective assistance of counsel, but there is no evidence to support the contention that the petitioner was entirely without representation as contemplated by the Court's decision in <u>Cronic</u>. The trial transcript is replete with trial counsel's challenges to the state's case, which included cross-examination of witnesses and objection to the admission of the photographic line-up. The petitioner was aware at all times that he was being prosecuted for the rape of a nine-year-old girl and at no time did he offer information to trial counsel regarding the name of the fifteen-year-old with whom he allegedly had sex. Even after seeing the victim at trial the petitioner made, at most, only a meager attempt to tell counsel that the victim was not the person with whom he had confessed to having sex. The victim identified the petitioner as her assailant at trial. Allen testified at trial that the victim was the only girl at her house on the night of the offense and that she saw the petitioner fleeing from her living room when awakened by the victim's screams. We cannot conclude that the trial court erroneously applied the <u>Strickland</u> elements to the petitioner's claims for post-conviction relief.

## CONCLUSION

The petitioner has failed to meet his burden of proof regarding his allegations of ineffective assistance of counsel and the trial court correctly denied the petition. Therefore, the judgment of the trial court is affirmed.

_____
D. KELLY THOMAS, JR., JUDGE

-8-